**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MILLENIA HURST** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| **SARTAJ SINGH, D/B/A SIGMA LOGISTICS, HARJINDER SINGH, UNITED SPECIALTY INSURANCE COMPANY, PROGRESSIVE SECURITY INSURANCE COMPANY AND UNITED SERVICES AUTOMOBILE ASSOCIATION** | **19-346-BAJ-EWD** |

**NOTICE AND ORDER**

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Millenia Hurst ("Plaintiff") on December 19, 2018 on Coursey Boulevard in East Baton Rouge Parish when Plaintiff's car was struck on the passenger side by a Freightliner commercial truck driven by Defendant Harjinder Singh ("Harjinder") and owned by Defendant Sartaj Singh, d/b/a Sigma Logistics ("Sigma") (the "Accident").[1] Plaintiff alleges that the Accident was caused by the fault and negligence of Harjinder in failing to operate the Freightliner in a safe manner.[2]

On or about April 8, 2019, Plaintiff filed her Petition for Damages ("Petition") against Harjinder, Sigma, the two liability insurance carriers Plaintiff contends provide insurance covering the Freightliner, United Specialty Insurance Company ("United") and Progressive Insurance Company ("Progressive"), and Plaintiff's own underinsured/uninsured insurance carrier, United Services Automobile Association ("USAA") in the Eighteenth Judicial District Court for the

---
[1] R. Doc. 1-1, p. 2, ¶¶ 3-6.
[2] R. Doc. 1-1, p. 2, ¶¶ 7, 9.

Parish of West Baton Rouge alleging that Defendants are liable to Plaintiff based on the foregoing claims.[3] On June 3, 2019, United, Harjinder, and Sigma (the "Removing Defendants") removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4] However, as explained below, the Notice of Removal is deficient in its allegations regarding citizenship in several respects.

As an initial matter, the information before the Court indicates that complete diversity of citizenship does not exist. Because of the multiple issues present in the Notice of Removal regarding the citizenship of the parties, the parties will be required to meet and confer, either by telephone or in person, to discuss the issues raised in this Order. If it is determined that subject matter jurisdiction does not exist, the parties shall file a joint motion to remand; otherwise, the parties shall file the submissions set forth below to address the jurisdictional issues.[5]

*Citizenship of Plaintiff and Citizenship and Joinder of USAA*

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Defendants Harjinder and Sigma are citizens of California and United is a Texas corporation with its principal place of business in Texas.[6] The citizenship allegations as to the remaining parties are deficient.

Removing Defendants claim that Progressive was erroneously named as a defendant and, instead, "United Financial Casualty Company" ("UFCC"), an Ohio corporation with its principal

---

[3] R. Doc. 1-1, p. 1, ¶ 2, pp. 3-4, ¶¶ 11-12.
[4] R. Doc. 1, ¶¶ 5-6.
[5] The Notice and Order only addresses the deficiencies with regard to the citizenship. It is also not facially apparent from the Petition and Notice of Removal that Plaintiff's damages are likely to exceed $75,000. In the event the parties do not agree to remand and citizenship is adequately established, the Court will order that the deficiencies regarding the amount in controversy be corrected prior to allowing the case to proceed.
[6] R. Doc. 1, ¶ 7(b), (c), and (d).

place of business in Ohio, is the correct defendant.[7]  This allegation is addressed in more detail in the section below.

Next, the Notice of Removal incorrectly states that Plaintiff "alleges that she is a resident and citizen of the State of Louisiana."[8]  In fact, the Petition alleges that Plaintiff is "a resident of Louisiana, a resident of Point Coupee Parish, who resides in the City of New Roads, State of Louisiana."[9]  The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[10]  Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[11]  Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile.  Accordingly, Removing Defendants must properly identify the citizenship of Plaintiff, *i.e.,* her domicile.

Further, Removing Defendants contend that USAA is "a Texas corporation with its principal place of business in Texas."[12]  However, USAA's consent to removal contradicts Removing Defendants' assertion that USAA is a Texas *corporation*.  Rather, USAA's consent to removal states that it was incorrectly identified as a foreign insurance company and is instead a "reciprocal inter-insurance exchange."[13]  The citizenship of a reciprocal inter-insurance exchange is that of all of its constituent members.[14]  Removing Defendants did not provide any information

---

[7] R. Doc. 1, ¶ 7(g).
[8] R. Doc. 1, ¶ 7(a).
[9] R. Doc. 1-1, p. 1, introductory paragraph.
[10] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[11] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)).
[12] R. Doc. 1, ¶ 7(k).
[13] R. Doc. 1-3.
[14] *Cimino v. Sirois*, No. 14-1925, 2014 WL 5393512, at *1 (E.D. La. Oct. 22, 2014) ("Other Courts of this district and the Tenth Circuit Court of Appeals have held that a reciprocal interinsurance exchange is to be treated as an unincorporated association for the purposes of determining diversity jurisdiction. *Bilger v. Pereira,* 2000 WL 1182526 (E.D. La. 8/21/2000). *See also, Tuck v. United States Auto. Ass'n,* 859 F.2d 842, 844 (10th Cir. 1989) The citizenship of an entity other than a corporation is determined by the citizenship of its constituent members. *Temple Drilling, Co. v. Louisiana Ins. Guar. Ass'n,* 946 F.2d 390, 393 (5th Cir. 1991)").

regarding the citizenship of USAA's constituent members. Therefore, as counsel for USAA has stated that USAA is a reciprocal inter-insurance exchange (and several cases from the U.S. District Court for the Eastern District of Louisiana indicate the same),[15] Removing Defendants must properly identify USAA's citizenship, *i.e.,* the citizenship of all of USAA's constituent members.

Notwithstanding the foregoing, Removing Defendants also aver that, even though USAA allegedly does not destroy diversity (which statement assumes that Plaintiff is a Louisiana domiciliary, instead of a mere resident, and USAA has a Texas place of incorporation and principal place of business, which is refuted by USAA, as just explained), USAA "was improperly named and joined in the lawsuit as an excess uninsured motorist carrier and there is no information to date to indicate there is a possibility for Plaintiff to recover against this entity."[16] Removing Defendants assert that United is the first layer of insurance coverage and has a policy of insurance with a one million dollar limit, and there is no indication that Plaintiff's damages will exceed one million dollars. Therefore, according to Removing Defendants, Plaintiff has no cause of action against USAA, which has been improperly named and joined.[17]

Plaintiff's Petition, in turn, asserts:

> 12.
> At all times pertinent herein, defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA), was the uninsured/underinsured insurer of MILLENIA HURST, and pursuant to a policy of insurance issued covering the vehicle operated by MILLENIA HURST, the said insurance company is

---

[15] *Cimino* indicates that, at least as of 2014, "USAA Casualty Insurance Company" had constituent members domiciled in Louisiana. *See* 2014 WL 5393512, at *1 ("Because USAA has members domiciled in Louisiana, USAA is a citizen of Louisiana. To support these claims, defendants have introduced an affidavit from USAA's litigation manager stating that USAA is an unincorporated association with members in Louisiana. Rec. Doc. 6–3. In addition, defendants point out that other sections have previously dismissed actions against USAA based upon lack of complete diversity because its members reside in all fifty states. *Ourso v. United Servs. Auto. Ass'n,* 2007 WL 275902, *2 (E.D. La. 1/25/2007) ("USAA is a reciprocal interinsurance exchange with members in Louisiana."); *Norton v. Gurley,* 2000 WL 1408168 (E.D. La. 9/25/2000) ("USAA has members residing in all fifty states."); *Isidore v. USAA Ins. Co.,* 2009 WL 1564807 (La. E.D. 6/2/09)").
[16] R. Doc. 1, ¶ 10.
[17] *Id*. citing R. Doc. 1-4, p. 5.

> individually, jointly, severally, concurrently, and in solido responsible for any and all damages set forth herein to plaintiff, MILLENIA HURST by virtue of its contractual obligation to insure MILLENIA HURST.

Summarizing the foregoing, USAA is not a Texas citizen as pled by Removing Defendants and USAA's citizenship is currently unclear. Even so, Removing Defendants contend that USAA was improperly joined because Plaintiff's claims will not exceed the underlying coverage of one million dollars, and complete diversity exists when the citizenship of USAA is not considered. However, Plaintiff's Petition asserts colorable claims against USAA,[18] and it is not clear at this early stage in the proceeding that United's underlying policy will provide coverage for all of Plaintiff's claims such that Plaintiff has no possibility of recovery from USAA.[19] Notably, United has not offered a stipulation[20] that its policy will provide coverage *in toto* for all of Plaintiff's claims and asserted in the Notice of Removal that Removing Defendants deny liability and the extent of Plaintiff's alleged damages (despite their assertions that the jurisdictional minimum is

---

[18] If USAA is diverse from Plaintiff, the question of whether USAA was improperly joined does not affect the Court's subject matter jurisdiction.

[19] *See James v. Brierfield Ins. Co.,* No. 17-6931, 2017 WL 6033676, at *4 (E.D. La. Dec. 6, 2017) (Granting motion to remand, finding that removing defendant insurance company failed to carry its "heavy burden" of proving improper joinder of the plaintiff's non-diverse uninsured/underinsured motorist carrier, Farm Bureau, and holding: "At this stage of litigation, the Court is not persuaded that Defendants have shown that there is no possibility that Plaintiff can recover from Farm Bureau. The attached policies, which contain numerous exclusions and limitations, are insufficient to show that the Defendants' policies will cover all damages to Plaintiff, such that there is no possibility of recovery from Farm Bureau.")

[20] At most, United asserts that it "is the first layer of insurance coverage in this matter and has a policy of insurance with limits of $1 million dollars." R. Doc. 1, ¶ 10. However, that allegation does not "undisputedly" assert that the policy will provide coverage, particularly in light of Removing Defendants' denial of liability. *See, e.g., James* at *id.* and *5, noting the lack of stipulation by the removing defendant insurance company that its coverage would "undisputedly provide coverage for Plaintiff's damages" and holding: "In *Tureaud v. Kephart*, the Court found that that the removing party had not met its burden of showing that plaintiff had no possibility of recovery against her uninsured/underinsured provider, State Farm. *Tureaud v. Kephart*, No. 09-7269, 2010 WL 1254372, at *3 (E.D. La. Mar. 24, 2010). Although the employer claimed its policy limit was far in excess of plaintiff's claim, the insurer did not admit or stipulate that its policy will cover plaintiff's claim. *Id.*"

met).[21] Additionally, the insurance document provided only consists of 13 "redacted declarations pages."[22] The policy may also be subject to exclusions.

Accordingly, Removing Defendants must file a motion to substitute their Notice of Removal with a comprehensive amended Notice of Removal that adequately alleges Plaintiff's citizenship and USAA's citizenship, *i.e.,* the citizenship of all of USAA's constituent members. In response, Plaintiff must file either: (1) a Motion to Remand addressing the citizenship allegations in the amended Notice of Removal, including the alleged improper joinder of USAA, or (2) an Amended Complaint deleting all claims against USAA if Plaintiff agrees that USAA was improperly joined.

*Progressive as a Defendant versus UFCC*

As mentioned, Removing Defendants contend that named defendant Progressive was erroneously named as a party, and the correct defendant is UFCC, who consented to removal.[23] UFCC filed an answer while this matter was pending in the state court, and indicated therein that it was erroneously identified as Progressive.[24] However, there is no indication that UFCC was substituted for Progressive prior to removal, or that Plaintiff agrees with the assertion that UFCC is the correct defendant. Because "Progressive Security Insurance Company" was a named defendant in this action at the time of removal, Progressive's citizenship must be adequately alleged for this Court to determine whether subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.[25] Removing Defendants must specify the citizenship of Progressive Security Insurance

---

[21] R. Doc. 1, ¶ 8. *See, e.g., James* at *5, noting that, while the removing defendant had not yet asserted coverage defenses, it could potentially assert coverage defenses during the litigation, and finding that, to the extent the underlying policies did not cover the plaintiff's damages for any reason, the plaintiff could have a claim against her uninsured/underinsured motorist carrier.
[22] R. Doc. 1, ¶ 10 *citing* R. Doc. 1-4.
[23] R. Doc. 1, ¶ 7(g), R. Doc. 1-2.
[24] R. Doc. 1-1, p. 7, introductory paragraph.
[25] *See De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437-39 (5th Cir. 2014) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. To determine whether jurisdiction

Company, or in the alternative, all parties must seek leave to substitute UFCC in the place of Progressive.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **June 14, 2019**, the parties shall meet either via the telephone or in person and confer to discuss the jurisdictional issues raised in this Order. If it is determined that subject matter jurisdiction does not exist because diversity cannot be established, the parties shall file a joint motion to remand on or before **June 21, 2019.**

**IT IS FURTHER ORDERED** that, if the parties do not jointly agree that the case should be remanded, then on or before **June 21, 2019**, Removing Defendants Sartaj Singh d/b/a Sigma Logistics, Harjinder Singh, and United Specialty Insurance Company shall file a motion to substitute their Notice of Removal[26] with a proposed pleading that is a comprehensive amended Notice of Removal (*i.e.*, that includes all of Removing Defendants' numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties, particularly (but not exclusively), Plaintiff and United Services Automobile Association ("USAA"), to establish that the Court has diversity jurisdiction over the case and which will become the operative Notice of Removal in this matter without reference to any other document in the record. *The motion to substitute shall contain a certificate of conference that summarizes the details discussed during the parties' conference regarding subject matter jurisdiction as ordered herein.*

---

present for removal, we consider the claims in [plaintiff's] original petition as they existed at the time of removal."), ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties in this action—De Jongh, Lloyds, and Johnson—are Texas residents."). *See also Touriac v. Chenevert*, No. 12-01785, 2012 WL 4471143, at *3 (W.D. La. Sept. 26, 2012) (refusing to consider the citizenship of an individual and entity who were no longer parties to the lawsuit at the time it was removed). Whether or not Removing Defendants believe that Progressive should be a defendant, Progressive is a named defendant and, therefore, its citizenship must be adequately alleged.

[26] R. Doc. 1.

**IT IS FURTHER ORDERED** that, with regard to the issue of Progressive Security Insurance Company as a named defendant, the motion to substitute to be filed by the Removing Defendants must either adequately allege the citizenship of Progressive Security Insurance Company or, if Plaintiff agrees that United Financial Casualty Company is the correct defendant, on or before **July 5, 2019**, Plaintiff shall file a motion for leave to amend her complaint to substitute United Financial Casualty Company as a defendant in this matter in place of Progressive Security Insurance Company.

**IT IS FURTHER ORDERED** that, on or before **July 5, 2019**, Plaintiff must file either: (1) a Motion to Remand addressing the citizenship allegations in the amended Notice of Removal, including the alleged improper joinder of any party, or (2) a motion for leave to amend her complaint deleting all claims against any non-diverse party if Plaintiff agrees that such party was improperly joined.[27]

Signed in Baton Rouge, Louisiana, on June 7, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] Only one motion for leave to amend the complaint is required and shall address any amendments necessary based on this Notice and Order.